### 10217

### STATE v. JOSEY.

#### (99 S. E. 768.)

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — DUTIES — REQUEST FOR VERDICT FOR LESSER OFFENSE.—In a criminal prosecution, the solicitor for the State has not only the right, but is under the duty, of asking for a verdict for a lesser offense than that for which defendant is indicted, if in his judgment the facts and circumstances do not warrant a conviction for the greater offense.

2. CRIMINAL LAW—APPEAL—RIGHT TO ALLEGE ERROR.—One indicted for murder and convicted of manslaughter at the request of the State's solicitor cannot complain that the solicitor did not ask for a verdict of murder.

Before SEASE, J., Marlboro, Fall term, 1918. Affirmed.

William Josey was convicted for manslaughter, and he appeals.

*Messrs. Townsend & Rogers,* for appellant, cite: *As to the true and settled rule about retreat in self-defense:* 96 S. C. 293; 33 S. C. 98; 66 S. C. 469.   *As to the fault in bringing on a difficulty so as to deprive defendant of the plea of self-defense:* 85 S. C. 101; 79 S. C. 80.   *As to action of the Solicitor in waiting until the attorney for the defendant had closed the testimony and addressed the jury to make the announcement that he would only ask a verdict for manslaughter:* 86 S. C. 374; 77 S. C. 409; 80 S. C. 352; 38 S. C. 580; 86 S. C. 370; 48 S. C. 145.   *The verdict is contrary to the weight of the evidence.   On trial for homicide the defendant must prove self-defense by the preponderance of the evidence, but the State must prove the whole charge byond a reasonable doubt:* 40 S. C. 349.

*Mr. Solicitor J. Monroe Spears,* for State.

June 24, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted for murder and convicted of manslaughter.   After sentence he appeals, and by six exceptions imputes error and seeks reversal.   Exceptions 1, 2, 4 and 5 impute error in his Honor's charge to the jury.   The charge, as a whole, is free from error.   His Honor stated the law clearly and fully from every angle of the case.   He charged the law of manslaughter and self-defense fully, as applicable to the facts of the case, and the defendant cannot complain that he was prejudiced thereby.   The Solicitor did not ask for a conviction of murder, and so stated to the Court.

The Solicitor not only has the right, but it is his duty, to ask for a verdict for a lesser offense than that for which the

defendant is indicted, if in his judgment the facts and cir-
cumstances do not in his judgment warrant a convic-
tion for the greater offense. In this case, defend-
ant was indicted for murder. When all of the evi-
dence was in, the Solicitor announced that he would
not ask for a conviction of murder, but would ask for that
of manslaughter. It was then left to the jury to say whether
he was guilty of manslaughter, or whether defendant took
the life of the deceased under such circumstances as excused
him under the law of self-defense. He cannot complain
that the Solicitor did not ask for a verdict of murder. The
defendant undoubtedly killed the deceased, for his testimony
alone would establish that fact, without the evidence of the
other witnesses. The Solicitor had the right, and it was his
duty, to exercise his best judgment and discretion. He was
clearly within his rights as the sworn representative of the
State. The defendant got a fair, impartial trial, and the
facts of the case fully sustain the verdict, and the errors
complained of by the exceptions cannot be sustained.

All exceptions are overruled, and judgment affirmed.